**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br><br>This document relates to:<br>Case No. 18-cv-10135(LAK) | 18-MD-2865 (LAK)<br><br>ECF Case<br><br>**ANSWER OF**<br>**ROGER LEHMAN**<br><br>**JURY TRIAL DEMANDED** |

Defendant Roger Lehman ("Defendant" or "Lehman"), by and through his attorneys, CAPLIN & DRYSDALE, CHARTERED, as and for his Answer to the Complaint dated May 4, 2018 (the "Complaint") states as follows:

## AS TO THE INTRODUCTION

1.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except to admit that SKAT is a taxing authority of Denmark.

2.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except Defendant denies participating in a fraudulent tax refund scheme to deceive SKAT.

3.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except Defendant denies participating in a fraudulent scheme.

1

4.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except Defendant admits that Defendant The Mueller Investments Pension Plan ("Mueller Investments Plan") submitted refund claims for tax withheld on dividends earned on the shares of Danish companies, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

5.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, except Defendant admits that Defendant Mueller Investments Plan submitted withholding tax refund claims and received tax refunds, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

6.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except Defendant admits that Defendant Mueller Investments Plan submitted withholding tax refund claims and received tax refunds, and Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

7.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except Defendant admits that Defendant Mueller Investments Plan received refunds of tax, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

8.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except Defendant denies submitting

2

Case 1:16-cv-10151-LAK Document 55 Filed 07/25/19 Page 3 of 17

fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent

scheme.

      9.      Defendant denies the allegations contained in Paragraph 9, except Defendant does

not have knowledge sufficient to admit or deny allegations with respect to all claimants.

      a.      Defendant denies having knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 9.a., except Defendant admits

communicating in writing with the Payment Agent regarding the tax refund claims on behalf of

Defendant Mueller Investments Plan.

      b.      Defendant denies having knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 9.b., except Defendant denies

submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a

fraudulent scheme.

      c.      Defendant denies having knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 9.c., except Defendant, upon

information and belief, denies the allegations that Defendant Mueller Investments Plan did not

own shares in Danish companies and had not earned dividends on those shares.

      10.      Defendant denies the allegations contained in Paragraph 10.

      11.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 11, except to admit that SKAT made

payments to the Payment Agent for Defendant Mueller Investments Plan, who subsequently

disbursed the payments, and except that Defendant denies participating in a fraudulent scheme.

12.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except Defendant denies participating in a fraudulent scheme.

13.     Defendant denies the allegations contained in Paragraph 13, except Defendant admits that Defendant Mueller Investments Plan was paid withholding tax refunds.

## AS TO THE JURISDICTION AND VENUE

14.     Paragraph 14 alleges legal conclusions to which no answer is required.  To the extent that an answer is required to Paragraph 14, Defendant admits that the matter in controversy exceeds the sum or value of $75,000, that SKAT is an agency or instrumentality of a foreign state, and that Defendants are citizens of a state, and Defendant denies allegations in Paragraph 14 to the extent they suggest that the Court has subject matter jurisdiction over the matter.

15.     Paragraph 15 alleges legal conclusions to which no answer is required

## AS TO THE PARTIES

16.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except it admits that SKAT is a Danish tax authority.

17.     Defendant admits the allegations contained in Paragraph 17.

18.     Defendant admits the allegations contained in the first sentence of Paragraph 18. Defendant denies the allegations contained in the second sentence of Paragraph 18, except to admit that Defendant Lehman communicated on behalf of Defendant Mueller Investments Plan regarding its tax refund claims.

4

## AS TO THE FACTUAL ALLEGATIONS

19.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, except to admit that SKAT is the relevant taxing authority.

20.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except to admit that a certain percentage of dividends is withheld by Danish companies as withholding tax on dividends.

21.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except to admit that under certain circumstances foreign shareholders may be entitled to a refund of the withholding tax.

22.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except to admit that under certain circumstances, U.S. pension plan shareholders may be entitled to a refund of tax withheld on dividends paid by Danish companies.

23.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except Defendant admits that Defendant Mueller Investments Plan submitted withholding tax refund claims and that SKAT paid refunds of the withholding tax, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

24.     Defendant denies having sufficient knowledge or information to admit or deny allegations contained in Paragraph 24.

25.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except Defendant admits that Defendant

5

Mueller Investments Plan submitted withholding tax refund claims, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

26.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except to admit that Defendant Mueller Investments Plan submitted refund claims to SKAT through Syntax GIS ("Syntax"), and Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

27.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except to admit that Defendant Mueller Investments Plan received tax refund payments.

28.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except to admit or deny as follows:

        a.      Defendant admits that the withholding tax refund claims submitted on behalf of Defendant Mueller Investments Plan included a cover letter from the Payment Agent;

        b.      Defendant admits that the tax refund claims submitted on behalf of Defendant Mueller Investments Plan set out the information as set forth in the allegations contained in Paragraphs 28.b and 28.b.i through iv;

        c.      Defendant denies the allegations contained in Paragraph 28.c., except to admit that the tax refund claims submitted on behalf of Defendant Mueller Investments Plan included "credit advice" notes that described the security and the amount of dividend tax withheld;

6

      d.     Defendant denies the allegations contained in Paragraph 28.d, except that Defendant admits that the tax refund claims submitted on behalf of Defendant Mueller Investments Plan included a document executed by Defendant Lehman in connection with the Payment Agent's submission of the tax refund claims on behalf of Defendant Mueller Investments Plan; and

      e.     Defendant admits that the tax refund claims submitted on behalf of Defendant Mueller Investments Plan included a statement from the Internal Revenue Service containing the information as set forth in the allegations contained in Paragraph 28.e.

29.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except to admit that the credit advice notes included with the tax refund claims submitted on behalf of Defendant Mueller Investments Plan referenced shareholdings in Danish-listed companies, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

30.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, except to admit that SKAT paid withholding tax refunds for Defendant Mueller Investments Plan to its Payment Agent.

32.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except to deny submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

33.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except to admit that the tax refund claims submitted on behalf of Defendant Mueller Investments Plan were submitted through its Payment Agent, and except that Defendant denies that the tax refund claims submitted on behalf of Defendant Mueller Investments Plan were submitted as described in Paragraph 28 of the Complaint, except as otherwise admitted in response to Paragraph 28.

34.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 34, except Defendant denies submitting fraudulent tax refund claims on behalf of any claimant or otherwise participating in the fraudulent scheme.  Defendant denies the allegations contained in the second sentence of Paragraph 34, except to admit that Defendant Lehman provided Syntax with a power of attorney relating to the submission of the tax refund claims for Defendant Mueller Investments Plan.

35.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 35, except Defendant denies submitting a fraudulent tax refund claim on any claimant's behalf or otherwise participating in the fraudulent scheme.  Defendant denies the allegations contained in the second sentence of Paragraph 35, except to admit that Defendant Mueller Investments Plan submitted its tax refund claims through Syntax.

36.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 36, except Defendant admits that Defendant Mueller Investments Plan represented to SKAT that it held shares in, and received dividends net of withholding tax from, large Danish-listed companies.  Defendant

8

denies having knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the second sentence of Paragraph 36, except Defendant admits that

fourteen (14) withholding tax refund claims totaling at least $10,897,000, were made on behalf

of Defendant Muller Investments Plan.  Defendant denies having knowledge or information

sufficient to form a belief as to the truth of the allegations contained in the third sentence of

Paragraph 36, except Defendant admits that the tax refund claims were submitted to SKAT on

behalf of Defendant Mueller Investments Plan on or about April 21, 2015; April 28, 2015; and

May 15, 2015.

37.      Defendant denies the allegations contained in Paragraph 37.

38.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 38, except Defendant admits that SKAT

made the tax refund claim payment on or about May 8, 2015; May 27, 2015; and July 3, 2015, in

connection with the tax refund claims submitted on behalf of Defendant Mueller Investments

Plan, and Defendant denies submitting false tax refund claims on any claimant's behalf or

otherwise participating in a fraudulent scheme.

39.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 39 as related to all claimants.  To the extent

the allegations in Paragraph 39 relate to the Defendant, Defendant denies the allegations, except

as admitted in response to Paragraph 40.

40.      Paragraph 40 alleges legal conclusions to which no answer is required.  To the

extent that an answer to Paragraph 40 may be deemed required and to the factual component of

the allegations, Defendant denies the allegations contained in Paragraph 40, except that

Defendant admits executing a document on or about March 5, 2015, that contained the language quoted in Paragraph 40.

41.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, except Defendant admits that the Payment Agent submitted withholding tax refund claims on behalf of Defendant Mueller Investments Plan, and Defendant denies submitting fraudulent tax refund claims on behalf of any claimants or otherwise participating in a fraudulent scheme.

42.     Paragraph 42 alleges legal conclusions to which no answer is required.  To the extent that an answer to Paragraph 42 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except to admit that Defendant communicated in writing with the Payment Agent regarding tax refund claims on behalf of Defendant Mueller Investments Plan.

43.     Defendant denies the allegations contained in Paragraph 43, except as admitted in response to Paragraph 28, and Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 as it relates to other claimants.

44.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 except to admit that tax refund claims submitted on behalf of Defendant Mueller Investments Plan contained a power of attorney executed by Defendant and requested that SKAT pay such claims to the Payment Agent's bank account.

45.     Defendant denies the allegations contained in Paragraph 45, except to admit that SKAT paid the tax refund claim payments to the Payment Agent with respect to Defendant Mueller Investments Plan and that such Payment Agent subsequently distributed the proceeds. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 as it relates to other claimants.

46.     Defendant denies the allegations contained in Paragraph 46, except to admit that "credit advice" or similar notes showing Defendant Mueller Investments Plan's ownership of shares of Danish companies was included with its withholding tax refund claims. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 as it relates to other claimants.

47.     Defendant denies the allegations contained in Paragraph 47, except Defendant admits that the example alleged in Paragraph 47 refers to a credit advice statement that was included with one of the tax refund claims submitted on behalf of Defendant Mueller Investments Plan.

48.     Defendant denies the allegations contained in Paragraph 48. Moreover, Paragraph 48 alleges legal conclusions to which no answer is required.

49.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, except to admit that Defendant is aware that SKAT erroneously concluded that the tax refund claims submitted by Defendant Mueller Investments Plan were fraudulent.

11

## AS TO THE CAUSES OF ACTION

## COUNT I

### (Fraud – Against Both Defendants)

50. Defendant repeats and incorporates his responses in paragraphs 1 through 49 above.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

## COUNT II

### (Aiding and Abetting Fraud – Against Both Defendants)

55-61. By Pretrial Order No. 8, dated June 12, 2019 [ECF Doc. # 133], the Court dismissed Count II, Aiding and Abetting Fraud claim against the Defendant.

## COUNT III

### (Unjust Enrichment – Against Both Defendants)

62. Defendant repeats and incorporates his responses in paragraphs 1 through 61 above.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

## COUNT IV

### (Money Had & Received – Against Both Defendants)

67.     Defendant repeats and incorporates his responses in paragraphs 1 through 66

above.

68.     Defendant denies the allegations in Paragraph 68.

69.     Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

## COUNT V

### (Negligent Misrepresentation – Against Both Defendants)

71.     Defendant repeats and incorporates his responses in paragraphs 1 through 70

above.

72.     Paragraph 72 alleges legal conclusions to which no answer is required.  To the

extent that an answer to Paragraph 72 may be deemed required, Defendant denies the allegations

in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74.

75.     Defendant denies the allegations in Paragraph 75.

## AS TO THE REQUEST FOR RELIEF

76.     The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's

request for relief to which no response is required.  To the extent that a response is necessary.

Defendant denies that Plaintiff is entitled to the relief requested, or to any relief.

13

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

77.     The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

78.     The claims are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

79.     The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

80.     The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

81.     The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

82.     The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

83.     Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

## As An Eighth Affirmative Defense

84.     If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to contributory negligence and assumption of risk.

## As A Ninth Affirmative Defense

85.     If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Defendant, for whose acts or omissions or breaches of legal duty Defendant is not liable.

## As A Tenth Affirmative Defense

86.     The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

## As An Eleventh Affirmative Defense

87.     The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

## As A Twelfth Affirmative Defense

88.     The claims alleged in the Complaint are barred in whole or in part by res judicata.

## As A Thirteenth Affirmative Defense

89.     If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

15

## As A Fourteenth Affirmative Defense

90.     The recovery by the Plaintiff, if any, should be reduced by application of Ohio

Revised Code §2307.22.

## As A Fifteenth Affirmative Defense

91.     The claims alleged in the Complaint are barred in whole or in part by waiver and

release.

## As A Sixteenth Affirmative Defense

92.     Defendant reserves the right to add to and/or amend these Affirmative Defenses

because of information that may become known during the course of discovery.


WHEREFORE, Defendant respectfully requests a judgement dismissing the Complaint

with prejudice, together with his costs, disbursements and attorney's fees and such other further

relief as the Court may deem just and proper.


Dated: New York, New York

July 25, 2019

CAPLIN & DRYSDALE, CHARTERED


s/ Mark D. Allison_____
By: Mark D. Allison

Mark D. Allison
Zhanna A. Ziering
600 Lexington Avenue, 21st Floor
New York, New York 10022
(212) 379-6000

*Attorneys for Defendant*
*Roger Lehman*

16

Case 1:16-cv-10195-LAK Document 55 Filed 07/25/19 Page 17 of 17